UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTONIEL ABDON ORTIZ PEREZ (A#202-022-937),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ICE PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-04682-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. This case was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native and citizen of Guatemala who entered this country in 2008 without being inspected by immigration officials. ECF No.1 at 11; ECF No. 7-1 at 1 (I-213 Form). He has a pending Petition for U Nonimmigrant Status that was filed on August 1, 2014. ECF Nos. 1 at 13, 7-1 at 7. He received a traffic citation for driving a motor vehicle without a license on March 2, 2019. ECF No. 1 at 14-15. He has no other criminal record.

On June 8, 2026, Petitioner was a passenger in a vehicle that Immigration and Customs Enforcement ("ICE") stopped in the state of Maryland. ECF No. 7-1 at 3. ICE officers arrested him and placed him in immigration detention. Id. According to the pleadings he filed, Petitioner

is currently detained at the Central Valley ICE Processing Center located in this judicial district. ECF No. 1. However, he is not listed in ICE's Online Detainee Locator System.[1]

Respondent concedes that "[t]his case is in the category of cases for which the Court has typically ordered immediate release." ECF No. 7 at 1. Nor does Respondent argue that Petitioner's detention is necessary because he is a danger to the community or a flight risk. ECF No. 7. Considering all of these factors, and consistent with the court's ruling in Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years), the Court finds that petitioner is entitled to immediate release from detention based on his statutory Immigration and Nationality Act claim raised in count one of the § 2241 petition. See also Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); Acevedo Duran v. Albarran, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately two to three years); Zuniga Cruz v. Noem, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); Mendez Juarez v. Warden, Mesa Verde Detention Center, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); Calle-Brito v. Santacruz, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately three-and-a-half years); Jimenez Orellana v. Johnson, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately one to two years); Rauda Molina v. Chestnut, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

[1] See https://perma.cc/CV2W-S73M (Immigration and Customs Enforcement's Online Detainee Locator System) (searchable using Petitioner's A# and country of origin).

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to compel supplemental briefing (ECF No. 10) is denied as unnecessary.

IT IS FURTHER RECOMMENDED that:

1. Petitioner Otoniel Abdon Ortiz Perez's (A#202-022-937) application for a writ of habeas corpus be granted on count one of the § 2241 petition as follows:

a. Respondent shall immediately release Petitioner from custody; and

b. In the event that Respondent attempts to re-detain Petitioner, Respondent shall provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §1236.1(c)(8).

2. Respondent shall file a Notice of Compliance within three (3) days of any order adopting these findings and recommendations.

3. The Clerk is directed to serve both the **California City Detention Facility** and the **Central Valley ICE Processing Center** with a copy of this Order since Petitioner could not be located by using ICE's Detainee Locator System.

4. Due to the lack of publicly available information concerning Petitioner's current location in detention, Counsel for Respondent is ordered to determine Petitioner's location and to serve a copy of any final order requiring his release on his current detention facility within 24 hours from the date the final order is issued.

5. Any final order in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to enter judgment in Petitioner's favor and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v.

Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE